United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41847
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                   Plaintiff-Appellee,

versus

IGNACIO HERNANDEZ-BELTRAN,

                                   Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-577
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Ignacio Hernandez-Beltran appeals his guilty plea conviction

and sentence for being unlawfully present in the United States

after deportation following an aggravated felony conviction.  He

argues that the "felony" and "aggravated felony" provisions of 8

U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of

Apprendi v. New Jersey, 530 U.S. 466 (2000), and contends that

his challenge is not barred by the appeal-waiver provision in his

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plea agreement. The Government seeks enforcement of the waiver provision.

We assume, arguendo only, that the waiver does not bar the instant appeal. Although Hernandez-Beltran contends that Almendarez-Torres v. United States, 523 U.S. 224 (1998), was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Hernandez-Beltran properly concedes that his argument is foreclosed in light of Almendarez- Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.